FRANK BORCHERS v. THE STATE.

*No. 35. Decided February 4.*

1. **Gaming — Information for Permitting Premises to be Used for.**—An information which charged that defendant '' did then and there unlawfully permit a game of cards to be played upon his premises, the said house then and there being appurtenant to a public place, to-wit, a house for retailing spirituous liquors,'' is sufficient to charge the offense denounced by article 365, Penal Code.

2. **Evidence—Sufficient, when.**—In a charge for permitting one's premises to be used for gaming purposes, the proof must show that defendant either owned or had control of the premises, and the premises must be appurtenant to a public place.

3. Same—Rented Houses.—Where the owner of a house or houses rents the same to another to be used for gaming purposes, he is not amenable under article 365, but his offense is a violation of article 366 of the Penal Code, and he should be prosecuted under that article.

4. Charge of Court.—Where a party was being prosecuted under article 365, for permitting his premises to be used for gaming purposes, it was error for the court to charge the jury, in substance, that defendant would be guilty if he owned the houses, knew that cards were being played therein, and did not revoke the lease and stop the playing.

Appeal from the County Court of Donley. Tried below before Hon. B. H. White, County Judge.

Appellant was convicted for permitting his premises to be used for gaming purposes, and his punishment assessed at a fine of $25.

The testimony showed that the house in which the playing took place had been rented or leased by him to third parties, and that they, and not he, had control of the same at the time the gaming took place.

*Browning & Madden*, for appellant.

No brief on file for the State.

HURT, Presiding Judge.—Appellant was convicted for permitting a game of cards to be played upon his premises.

The charging part of the information reads: "Did then and there unlawfully permit a game of cards to be played upon his premises, the said house then and there being appurtenant to a public place, to-wit, a house for retailing spirituous liquors." A motion in arrest of judgment was presented and overruled. The objections to the complaint were, that it failed to specifically allege that the premises upon which the defendant permitted the game to be played was a house, or that the playing was done in a house under his control.

1. The playing need not be in a house. If done upon defendant's premises, the proof must show that he owned them, or had control of them. If he was not the owner, then the proof must show that they were under his control.

2. The houses must be appurtenant to a public place. This is alleged, and a house for retailing spirituous liquors is a public place.

The information is sufficient. The proof shows that the house (called the "premises" in the information) had been rented to, and in fact was under the control of, Bell and Menasco, and that defendant, though the owner, was not in control of same. Under such a state of facts he could not be convicted under article 365. But if the premises or house be rented to another for the purpose of being used as a place for playing, dealing, or exhibiting any of the games prohibited by the provisions of

chapter 3, Penal Code, the renter violates article 366, and is amenable to the punishment there named, and must be indicted under that article.

At the request of the county attorney, the court charged the jury, in substance, that defendant would be guilty if he owned the houses, knew that the cards were being played therein, and did not revoke the lease and stop the playing. This is not the law, and for the error the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.